## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                   Plaintiff,<br><br>   v.<br><br>STEPHEN TONEY, SR.,<br><br>                                   Defendant. | Case Nos. 18-cr-1405-BAS-2;<br>21-cv-01657-BAS<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO VACATE SENTENCE UNDER SECTION 2255**<br>**(ECF No. 543)** |

    On September 24, 2020, the Court sentenced Defendant Stephen Toney, Sr. to seventy-four months of imprisonment for conspiracy to possess with an intent to distribute a controlled substance under 21 U.S.C. §§ 841(a)(1), 846. (ECF No. 496.)[1] In sentencing Mr. Toney, the Court recommended that he "be placed in the [Bureau of Prisons ('BOP')] residential drug and alcohol program ('RDAP')." (*Id.*)

    On September 21, 2021, Mr. Toney filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (ECF No. 543.) Mr. Toney argues the BOP is discriminating against him because it determined he is not eligible to enroll in the BOP's

---

[1] The Court cites to the Electronic Case Filing ("ECF") numbers in Defendant's criminal case, 18-cr-1405-BAS-2.

RDAP.  (*Id.* at 4.)  Further, he argues successful completion of the program would take twelve months off of his sentence.  (*Id.*)

"Generally, motions to contest the legality of a sentence must be filed under [28 U.S.C.] § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to [28 U.S.C.] § 2241 in the custodial court."  *Hernandez v. Campbell*, 204 F.3d 861, 864–65 (9th Cir. 2000).

Upon review, Mr. Toney's claim is not properly raised in a Section 2255 Motion in this Court.  His claim challenges the manner in which the BOP is carrying out the execution of his sentence.  This type of challenge is brought under 28 U.S.C. § 2241, not § 2255.  *See Hernandez*, 204 F.3d at 864–65; *see also Murphy v. Hood*, 276 F.3d 475, 476 (9th Cir. 2001); *Drake v. United States*, No. CIV.A. 2:07-CV-00420, 2007 WL 2570194, at *2 (S.D.W. Va. Aug. 31, 2007) (dismissing Section 2255 motion without prejudice because the defendant's RDAP discrimination claim did not challenge the legality of the defendant's sentence).

As mentioned, a challenge under § 2241 must be brought in the custodial court—the district where Mr. Toney is in custody.  Mr. Toney is housed at the BOP's facility in Lompoc, CA, which is in the Central District of California.  Therefore, if Mr. Toney wishes to challenge the execution of his sentence under § 2241, he must file that challenge in the U.S. District Court for the Central District of California.

Accordingly, the Court **DENIES** Defendant's Section 2255 Motion without prejudice.  The Clerk shall dismiss and close the civil action in No. 21-cv-01657-BAS. Finally, because jurists would not find it debatable whether the Court's determination that Mr. Toney cannot bring this challenge under Section 2255 is correct, the Court declines to issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1)(B); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

**DATED: October 14, 2021**

Hon. Cynthia Bashant
United States District Judge

18cr1405